(20 Misc. Rep. 173.)

POPPER et al. v. BINGHAM et al.

(City Court of New York, General Term. April, 1897.)

1. STIPULATION—WHAT CONSTITUTES.
    An allegation in an answer in an action on a note that plaintiffs, through their attorneys duly authorized, after the commencement of the action, made a certain proposition in writing to settle, which was accepted by defendants, is not an allegation of a stipulation by the attorneys which would be binding on the parties, though without consideration, but it is an allegation of an agreement between the parties through their attorneys.
2. PAYMENT—EXTENSION OF TIME—CONSIDERATION.
    An agreement by a creditor after commencing an action against the debtor, who admitted that the debt was due and owing as alleged, to settle for $50 in cash, and payment of the balance in monthly installments of $50 each, is void for want of consideration.

Appeal from special term.

Action by Leo Popper and others against William H. Bingham and others. From an order striking out the answer as frivolous, defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Thompson & Maloney, for appellants.
Douglass & Minton, for respondents.

VAN WYCK, C. J. The complaint is upon a promissory note of $257, made by defendants. The answer specially admits every allegation of complaint except nonpayment of the note, and affirmatively alleges that plaintiffs, through their attorneys duly authorized, after commencement of action, made a proposition in writing to settle for $50 cash, and balance to be paid in monthly installments of $50 each, which was accepted by defendants through their attorneys in writing. Appellants contend that this is not an allegation of an agreement between the parties to extend the time of payment of a debt admittedly due and owing, but of a stipulation in writing of the attorneys of record in the action, and binding on the parties thereto, although without consideration, but concede that such an agreement made by the parties themselves before action would have no binding force, unless a consideration therefor was alleged. The al-

legation is not of a stipulation by attorneys, but of an agreement between the parties by their attorneys. He who acts through another acts himself. An agreement by a creditor to extend time of payment of debt admittedly due must be supported by a consideration. This rule is not changed because such agreement was made by the creditor after service of summons on the debtor, who admits that the debt is due and owing. Of course, it would be otherwise if the debtor disputed the claim, or contended that it was not due. Order affirmed, with costs.

FITZSIMONS and McCARTHY, JJ., concur.